United States District Court
Southern District of Texas
**ENTERED**
March 07, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JOSE  SANCHEZ,                    §
                                  §
         Petitioner,              §
VS.                               §     CIVIL ACTION NO. 2:18-CV-327
                                  §
LORIE  DAVIS,                     §
                                  §
         Respondent.              §

## MEMORANDUM AND RECOMMENDATION

Petitioner is a state prisoner incarcerated at the Connally Unit in Kenedy, TX. (D.E. 1).  Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his June 1996 Nueces County murder conviction.  (D.E. 1).  Pending is Respondent's Motion for Summary Judgment and Petitioner's Response.  (D.E. 10 and D.E. 11).  For the reasons stated herein, it is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** and this action be **DISMISSED** as time barred.  It is further recommended that a Certificate of Appealability be **DENIED**.

## I.    JURISDICTION

The Court has jurisdiction over habeas cases pursuant to 28 U.S.C. § 1331.  A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).  Petitioner was convicted by a court located in Nueces

County, Texas.   Therefore, this matter is properly before this Court.   28 U.S.C. §
124(b)(6).

## II.   BACKGROUND

In June of 1996, Petitioner, after a jury trial, was convicted of first degree murder
and sentenced to sixty years incarceration.   (D.E. 9-9, Pages 115-116; D.E. 9-16, Pages
89-92).   However, after granting a motion for a new trial, Petitioner's conviction was set
aside, a new trial was conducted, and Petitioner was again convicted in August of 1996
and sentenced to thirty years incarceration.   *Sanchez v. State*, 990 S.W.2d 304, 305 (Tex.
App.—Corpus Christi-Edinburg Jan. 28, 1999); (D.E. 8-4); and (D.E. 9-9, Pages 115-
116).   On appeal of Petitioner's retrial, the Thirteenth Court of Appeals, in January 1999,
reversed the August 1996 judgment and reinstated the original June 1996 conviction.   *Id.*;
(D.E. 8-5 and D.E. 8-5).   Petitioner's Motion for Rehearing was overruled on June 3,
1999.   Texas   Judicial   Branch   Electronic   Docket,   http://www.search.txcourts.gov
/case.aspx?cn=13-96-00459-CR&coa=coa13 (last visited Feb. 21, 2019).   Petitioner filed
a Petition for Discretionary Review on August 26, 1999 which was refused on November
21, 2001 as was his Motion for Rehearing on January 3, 2002.   *Id.*; (D.E. 8-16).

Over three years later, on May 25, 2005, Petitioner filed the first of two state
habeas petitions which was denied without written order on the findings of a trial court
without a hearing on November 23, 2005.   (D.E. 9-13, Pages 2 and 13-14).   Petitioner
then filed a second state habeas petition just under twelve years later, on September 18,

2017, which was denied without order on December 13, 2017.  (D.E. 9-14 and D.E. 9-16, Page 20).  Petitioner then filed this federal habeas action over nine months later on September 21, 2018.  (D.E. 1, Page 10).

## III.    RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Respondent asserts this action should be summarily dismissed as time barred.  The undersigned agrees.   Petitioner's habeas petition is not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") which establishes a one year statute of limitations period runs from the latest of four alternative dates:

(A)    the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  This period is tolled during the time a petitioner seeks timely filed state post-conviction writ review.  28 U.S.C. § 2244(d)(2).  Petitioner filed his current petition after the effective date of AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner did not file a petition for writ of certiorari and therefore, his conviction became final on April 3, 2002, when the 90-day period for filing a petition for writ of certiorari expired after the Motion for Rehearing on the refusal of his PDR was denied on

January 3, 2002. (D.E. 8-16); 28 U.S.C. § 2244(d)(1)(A); *Nguyen v. Thaler*, No. H-11-1077, 2012 WL 2499956, *2 (S.D. Tex. June 25, 2012) (citation omitted).   As such, Petitioner had one year, until April 3, 2003, to timely file a federal application for habeas corpus relief.   Neither of Petitioner's state habeas applications, filed in 2005 and 2017, tolled this limitations period.   *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (State habeas petition filed outside of one-year period "did not statutorily toll the limitation clock.")   Accordingly, Petitioner failed to file the pending federal habeas petition until September 21, 2018, over 15 years too late.   28 U.S.C. §2244(d).

However, the one-year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).   A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing.   *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012)(citations omitted)).   "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling."   *Id*.; *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.") (citation omitted). Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of

representation during the applicable filing period merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999) (citation omitted).

In his petition and response, Petitioner asserts his claims are based on newly discovered evidence. (D.E. 1, Page 9 and D.E. 11, Pages 2-3). Specifically, Petitioner argues "no valid notice of appeal was filed for the judgment from my first trial" and until May 2017, he "had no evidence to prove that my counsel and the trial court had misinformed me about my right to appeal" as there was "no way I could have discovered this evidence on my own from prison." (D.E. 1, Page 9). Petitioner further explains that as he has been incarcerated "with no lawyer, no money, no access to computer or telephones and very little contact with family or friends on the outside…[h]e had no ability to access court records until his mother finally found herself in a position where she had some free time and financial resources and became interested in reading through all these court records in 2017." (D.E. 1, Pages 14-15). In short, Petitioner asserts his was actively misled by his attorney about his right to appeal after the judgment from his first trial was reinstated and as a result, he should not be procedurally barred from filing this federal action.

However, Petitioner has provided no sufficient evidence that his counsel actively misled him or otherwise kept him from pursuing an appeal other than his own conclusory allegations. *Holland v. Fla.*, 560 U.S. 631, 652-53 (2010) (Equitable tolling applies where a petitioner is actively misled by his attorney; attorney negligence does not suffice). Additionally, Petitioner offers no sufficient explanation as to why he delayed

over 15 years to file the pending action as ignorance of the law, lack of representation, or his incarceration do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling.  *Turner*, 177 F.3d at 393; *Griffin v. Dretke*, No. Civ. A. H-05-1959, 2005 WL 2850255, at *2 (S.D. Tex. Oct. 31, 2005) (citations omitted).  Further, Petitioner did not diligently pursue his rights, failing to provide any sufficient evidence as to why he waited more than three years after his conviction became final to file his first state habeas petition and more than nine months after his second state habeas petition was denied to file the pending federal action.

Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim.  Petitioner did not diligently pursue his rights, delaying approximately fifteen years past the deadline to pursue his federal habeas remedy.  Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.  Lastly, Petitioner's claim is based upon evidence that was available to him during the limitations period.  Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as time barred.

Lastly, to the extent Petitioner asserts that his actual innocence presents extraordinary circumstances which warrant an equitable exception to the limitations period, it is respectfully recommended Petitioner fails to meet the actual innocence standard.  "A claim of actual innocence, standing alone, is not a 'rare and exceptional circumstance' that warrants equitable tolling of the statute of limitations 'given that many prisoners maintain they are innocent.'"  *Jones v. Quarterman*, CIVA H-08-3212, 2009

WL 5216873, at *3–4 (S.D. Tex. Dec. 29, 2009) (citing *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.2000) (other citations omitted).  However, the Supreme Court has held that a plea of actual innocence may serve as a gateway exception through which a petitioner may avoid procedural bars or the expiration of the statute of limitations.  *McQuiggins v. Perkins*, 133 S.Ct. 1924, 1928 (2013) (citation omitted).  The Supreme Court made it clear, however, that "tenable actual-innocence gateway pleas are rare" and "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Id.* (citation omitted).  Petitioner fails to cite to any evidence in his petition or response showing he satisfies the demanding actual innocence standard and does not provide any sufficient newly discovered evidence in support of his claim.  Therefore, it is respectfully recommended that Petitioner fails to meet the actual innocence standard.

## IV.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA").  A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court

has just rule on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds. Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable. If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's Motion for Summary Judgment (D.E. 10) be **GRANTED** and Petitioner's application for habeas

corpus relief be **DISMISSED as time barred**.   It is further recommended that a certificate of appealability be **DENIED**.

ORDERED this 7th day of March, 2019.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).